# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0135V
Filed: August 31, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SHEILA ADAMS, | |
|     Petitioner, | Ruling on Entitlement; Concession; |
| v. | Tetanus-diphtheria-acellular pertussis ("Tdap") Vaccine; Shoulder Injury |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
|     Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Judson Patterson, Luxon, Patterson & Himes, PLLC, Richmond, KY, for petitioner.*
*Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 27, 2016, Sheila Adams ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered "brachial neuritis including adhesive capsulitis and left scapular dyskinesis" as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on February 2, 2014. Petition at ¶ 7. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 29, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case for a shoulder injury related to vaccine administration ("SIRVA"). Rule 4(c) Rep. at 1 n.1; 6 at n. 3. Respondent's opinion, based on her evaluation of the evidence, is that petitioner's injury is consistent with a SIRVA, and that a diagnosis of brachial neuritis is not supported by the medical

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

records.  *Id.*  Respondent's concession is therefore only for a SIRVA, and the scope of damages to be awarded is limited to this injury and its related sequelae only.  *Id.* at 6. Respondent further states that the medical evidence of record demonstrates petitioner has suffered the residual effects of her condition for more than six months.  *Id.* Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.  *Id.*

**In view of respondent's concession and the evidence of record, the undersigned finds that petitioner is entitled to compensation for SIRVA.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
