# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0135V
Filed: September 23, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SHEILA ADAMS, | |
|       Petitioner, | Damages Decision Based on Proffer; |
| v. | Tetanus-diphtheria-acellular pertussis ("Tdap") Vaccine; Shoulder Injury |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
|       Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*John Judson Patterson*, Luxon, Patterson & Himes, PLLC, Richmond, KY, for petitioner.
*Adriana R. Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On January 27, 2016, Sheila Adams ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered "brachial neuritis including adhesive capsulitis and left scapular dyskinesis" as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on February 2, 2014. Petition at ¶ 7. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 31, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On September 23, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $108,000.00. Proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $108,000.00 in the form of a check payable to petitioner, Sheila Adams.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                      **s/Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHEILA ADAMS,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | No. 16-135V<br>Chief Special Master Dorsey<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.　　Compensation for Vaccine Injury-Related Items**

On August 29, 2016, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury.  On August 31, 2016, the Chief Special Master issued a Ruling on Entitlement adopting respondent's recommendation.

Respondent proffers that based on the evidence of record, petitioner should be awarded $108,000.00.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.　　Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the special master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

1

2

A lump sum payment of $108,000.00 in the form of a check payable to petitioner, Sheila Adams. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch, Civil Division

*/s/ Adriana Teitel*
ADRIANA TEITEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3677

Dated: September 23, 2016